UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


COREY S. CRUGHER,

       Plaintiff,

                                          File No.  1:13-CV-416

v.

                                          HON. ROBERT HOLMES BELL

WARDEN JOHN PRELESNIK, in his
Official and Individual capacity,

       Defendant.
_____/

## **O P I N I O N**

This action alleging a violation of the Family Medical Leave Act is before the Court on Defendant's motion to dismiss.  (Dkt. No. 5.)  For the reasons that follow, the motion will be granted.

### I.

Plaintiff Corey S. Crugher began working for the Michigan Department of Corrections ("MDOC") in 1994.  (Compl. ¶ 8.)  In 1999, while employed at the Saginaw Correctional Facility, Plaintiff developed a chronic medical condition identified as IBS and GAD disorder. (*Id*. at ¶¶ 9-10.)  This condition causes episodic flare-ups which prevent Plaintiff from performing his normal job functions.  (*Id*. at ¶ 10.)  On March 6, 2007, Plaintiff was

approved for 30 days of intermittent FMLA leave to care for his medical condition.[1]  (Compl. ¶ 12; Compl. Ex. B.)

In November 2009, Plaintiff was transferred to the Ionia Maximum Correctional Facility ("Ionia Max").  (Compl. ¶ 15.)  Defendant John Prelesnik is the warden at Ionia Max.  (*Id.* at ¶ 3.)  While employed at Ionia Max, Plaintiff continued to suffer from his chronic medical condition and continued to take intermittent leave.  (*Id.* at ¶ 16.)  Plaintiff was subjected to harassment and intimidation because of his periodic medical leaves.  (*Id.* at ¶ 17.)  On February 10, 2010, Plaintiff was issued a written counseling memorandum related to his use of sick time.  (*Id.* at ¶ 18.)  On April 15, 2010, Human Resources Manager Constance Y. Partee advised Plaintiff that he was being placed on an interim rating for 90 days due to non-compliance with leave policies.  (*Id.* at ¶ 19.)  The Interim Employee Rating, authored by Captain Lynn Sandborn, addressed Plaintiff's time and attendance, and required Plaintiff to provide medical documentation for each instance of sick-leave usage.  (*Id.* at ¶ 20; Compl. Ex. E.)  On September 17, 2010, Captain Sandborn commended Plaintiff for adhering to the instructions of the Interim Rating.  (Compl. ¶ 21; Compl. Ex. F.)  In October 2010, Sergeant B. Wenzel drafted a second Interim Employee Rating stating that Plaintiff

---

[1] The FMLA entitles eligible employees to take up to 12 work-weeks of unpaid leave per year for the employee's own "serious health condition that makes the employee unable to perform the functions" of his employment.  29 U.S.C. § 2612(a)(1)(D).  Subsection (D) is commonly referred to as the "self-care" provision.  *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 960 (6th Cir. 2013).

was placed back on interim rating for a period of 180 days because he had abused the time and attendance policy by using sick leave in conjunction with regular days off and weekends on 8 occasions between August 13, 2010, and October 20, 2010. (Compl. ¶ 22; Compl. Ex. G.) This document was not presented to Plaintiff until after his termination and Plaintiff questions whether he was ever actually placed on this second Interim Rating. (Compl. ¶¶ 23, 27.)

On November 17, 2010, Plaintiff's physician signed a certification of employee's serious health condition. (*Id.* at ¶ 24.) On November 22, 2010, Plaintiff was approved for intermittent medical leave from November 22, 2010, through May 21, 2011. (*Id.* at ¶ 25; Compl. Ex. I.)

On November 23, 2010, Partee notified Plaintiff of a Performance Rating Conference before Warden Willie O. Smith and Captain Sandborn, on November 30, 2010, regarding an alleged violation of the leave policies. (Compl. ¶ 26; Compl. Ex. J.) The notice references DS#02-24-0029-10. (Compl. Ex. J.) On December 31, 2010, Captain Sandborn signed Plaintiff's annual Performance Management and Competency Rating Form and indicated that Plaintiff "meets expectations." (Compl. ¶ 28; Compl. Ex. K.) On January 11, 2011, Plaintiff was notified in writing that the final disposition of the action resulting from his performance conference was his separation from employment. (Compl. ¶ 29; Compl. Ex. L.) Plaintiff was dismissed from State service "due to the outcome of DS-02-24-0029-10." (Compl. Ex. L.) Plaintiff grieved his termination through Step 3, contending that he was wrongfully

discharged. His grievance was denied. (Compl. ¶¶ 30, 32; Compl. Ex. O.) Plaintiff's union decided not to take Plaintiff's grievance to arbitration. (Compl. ¶ 36; Compl. Ex. P.)

Plaintiff alleges that he was terminated in retaliation for his exercise of his right to intermittent medical leave guaranteed by the FMLA. (Compl. ¶ 47.)

## II.

Defendant Warden John Prelesnik has moved to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of jurisdiction and for failure to state a claim on which relief can be granted.

**A. Jurisdiction**

Defendant contends that this case is barred by sovereign immunity because the State of Michigan is the real party at interest, and the *Ex parte Young* exception to sovereign immunity does not apply because Plaintiff has not alleged any violation of his rights by Defendant Prelesnik.

In *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012), the Supreme Court determined that Congress did not abrogate the states' Eleventh Amendment immunity from suits for damages relating to the self-care provisions of the FMLA. *Id.* at 1338. However, a state employee who has been terminated in violation of his right to FMLA intermittent medical leave is not barred from bringing an action for prospective injunctive relief such as reinstatement. *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 966 (6th Cir. 2013).

Plaintiff contends that because he is only suing for prospective injunctive relief for a continuing violation of the FMLA, his suit is authorized by *Diaz*. He contends that the proper defendant in such a suit is not the MDOC official who fired him, but the official with authority to re-hire him. In this case, he contends that the proper defendant is John Prelesnik, the Warden of the Ionia Max Correctional Facility from which Plaintiff was terminated.

Although there is no dispute that *Diaz* authorizes an action for reinstatement for violation of the FMLA, *Diaz* does not address who the proper defendant is in such an action. "The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Ford Motor Co. v. Dep't of Treas.*, 323 U.S. 459, 464 (1945)). The Supreme Court carved out an exception to the States' constitutional immunity from suit in *Ex parte Young*, 209 U.S. 123, 159-60 (1908). *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005). The *Ex parte Young* doctrine permits federal courts to enjoin state officials from the future enforcement of state legislation that violates federal law. *Id.*

Plaintiff's contention that the proper defendant under *Ex parte Young* is not the state official who caused the violation, but the state official who has authority to end the continuing violation, lacks merit. As noted in *Pennhurst*, the theory of *Ex parte Young* was that "an unconstitutional enactment is 'void' and therefore does not 'impart to [the officer] any immunity from responsibility to the supreme authority of the United States.'" *Pennhurst*, 465 U.S. at 102 (quoting *Ex parte Young*, 209 U.S. at 160). "Since the State

could not authorize the action, the officer was 'stripped of his official or representative character and [was] subjected to the consequences of his official conduct.'" *Id.* (quoting *Ex parte Young*, 209 U.S. at 160). Because the rationale for the *Ex parte Young* exception is that a state officer who violates federal law is stripped of his official character and thereby loses the cloak of state immunity, it is clear that the proper defendant in an action brought pursuant to the *Ex parte Young* exception to sovereign immunity is the state officer who allegedly violated federal law.

The case law supports a requirement that an action authorized by *Ex parte Young* must name the state official who allegedly violated the law. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 30 (1991) ("[S]ince *Ex parte Young* . . . it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law."); *Angel v. Kentucky*, 314 F.3d 262, 265 (6th Cir. 2002) (citing *Ex parte Young* for the proposition that "in order to sue an officer of the state to enjoin the enforcement of an act alleged to be unconstitutional, the officer must be connected with the enforcement of the act"); *Westside Mothers v. Haveman*, 289 F.3d 852, 860 (6th Cir. 2002) ("Under the doctrine developed in *Ex parte Young* and its progeny, a suit that claims that a state official's actions violate the constitution or federal law is not deemed a suit against the state, and so barred by sovereign immunity, so long as the state official is the named defendant and the relief sought is only equitable and prospective.").

Plaintiff does not contend that Defendant Prelesnik was involved in the violation of

6

his rights under the FMLA. Plaintiff merely asserts that Defendant Prelesnik, as the warden of Ionia Max, is the individual who can be enjoined to rehire Plaintiff. Because Plaintiff has not alleged a causal connection between Defendant Preslesnik and the wrong alleged to have been committed, Plaintiff's claim is not authorized by *Ex parte Young*. Plaintiff's claim is more properly viewed as a claim against the State, and such a claim is clearly barred by the Eleventh Amendment.

Plaintiff has requested an opportunity to conduct discovery so that he can properly name the defendant who has authority to rehire him. As noted above, the proper defendant to this lawsuit is the individual alleged to have committed the violation of federal law. Therefore, granting Plaintiff leave to amend his complaint after the close of discovery to name the individual who has the power to reinstate Plaintiff would be futile. The Court concludes that Plaintiff's complaint is subject to dismissal for lack of jurisdiction and/or for failure to state a claim against Defendant Prelesnik.

**B. Statute of Limitations**

Even if Plaintiff's complaint were viable under *Ex parte Young*, it would nevertheless be barred by the applicable statute of limitations.

Under the FMLA, an employee has two years within which to file an FMLA claim. 29 U.S.C. § 2617(c)(1). The Act states that "an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." *Id.* Plaintiff was terminated on January 11, 2011, and did not file this

action until April 16, 2013, more than three months after the expiration of the limitations period.

Plaintiff contends that the FMLA limitations period is not applicable to this case because this is not an FMLA enforcement action, but an *Ex Parte Young* action for equitable relief enjoining the continuing violation of the right conferred by the FMLA statute. According to Plaintiff, there is no federal limitations period for *Ex parte Young* actions, so the Court must look to the limitations period for bringing a comparable action for injunctive relief under Michigan law. Michigan does not have a specific limitations period that applies to actions for injunctive relief. Plaintiff contends that in this situation, the applicable limitations period is the catch-all six-year period. *See* Mich. Comp. Laws § 600.5813 (providing that "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes").

Plaintiff's argument lacks merit. *Ex parte Young* does not create a new cause of action with its own statute of limitations. It simply provides a limited exception to sovereign immunity. To be successful in an *Ex parte Young* action, a plaintiff must prove the underlying violation of federal law. Plaintiff's cause of action is his claim that Defendant violated the FMLA. Accordingly, the FMLA statute of limitations rather than a state statute of limitations for injunctive relief applies.

Plaintiff contends, in the alternative, that even if this case is governed by the FMLA limitations period, Plaintiff's claim is not barred because the circumstances alleged support

a claim that Plaintiff's termination was willful and that the FMLA's three-year limitations period for willful violations applies. *See* 29 U.S.C. § 2617(c)(2) ("In the case of such action brought for a willful violation of section 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought.")

"An employer commits a willful violation of the FMLA when it acts with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004); *see also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988) (noting that Congress intended to draw a "significant distinction" between ordinary violations and willful violations).

Plaintiff contends that the specific facts alleged in his complaint are sufficient to allow a reasonable trier of fact to determine that the termination was a "willful" violation. The Court disagrees.

Plaintiff's complaint neither uses the word "willful" nor does it allege any facts that would show willful conduct. Failure to plead "willfulness" in a complaint properly subjects this claim to dismissal under Fed. R. Civ. P. 12(b)(6). *See Oates v. Target Corp.*, No. 11-CV-14837, 2012 WL 4513723, at *2 n.1 (E.D. Mich. 2012) (holding that alleging "willful" violation for the first time in response to a motion to dismiss to be insufficient since the plaintiff did not plead the allegation in her amended complaint); *see also Rowlett v. Michigan Bell*, No. 1:11–CV–1269, 2012 WL 6932328, at *4 (W.D. Mich. 2012) (Carmody, M.J.)

(recommending dismissal of Plaintiff's complaint for failure to allege sufficient factual matter to support a "willful" violation). Plaintiff did not plead a willful violation that would trigger the three-year statute of limitations.

Although Plaintiff has requested leave to file an amended complaint to allege that Defendant acted "willfully," amending the complaint as suggested by Plaintiff would be futile as Plaintiff is not suggesting that he would allege that Defendant knew that his conduct was prohibited by the FMLA, or that he acted with reckless disregard of the FMLA's requirements.

In conclusion, because Plaintiff's claim against Defendant Prelesnik is barred by sovereign immunity, and, alternatively, is barred by the statute of limitations, and because Plaintiff's proposed amendments would be futile, Defendant's motion to dismiss will be granted.

An order consistent with this opinion will be entered.


Dated: October 10, 2013              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE